## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHUCK BURDINE | |
|       Plaintiff, | |
|   v. | |
| KENNY BURDINE, *et al.*, | |
|       Defendants. | |
| IAM NATIONAL PENSION FUND, | Case No. 1:23-cv-3772 (TNM) |
|       Counterclaim Plaintiff<br>      And Crossclaim Plaintiff, | |
|   v. | |
| CHUCK BURDINE, | |
|       Counterclaim Defendant, | |
|   and | |
| KENNY BURDINE and TONJA BURDINE, | |
|       Crossclaim Defendants. | |

### PLAINTIFF CHUCK BURDINE'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Chuck Burdine ("Mr. Burdine") moves the Court for default against Defendants Kenny Burdine, Joann Burdine, and Tonja Burdine (collectively, the "Individual Defendants") under Federal Rule of Civil Procedure 55(b). The Individual Defendants failed to answer the Amended Complaint or otherwise participate in this action following transfer to this Court. The factual allegations in the Amended Complaint, which are taken as true on a motion for default, establish that the Court should find that the Individual Defendants have defaulted on Mr. Burdine's undue influence, lack of capacity, and fraud claims and issue declaratory judgment that Mr. Burdine is the only beneficiary and rightful recipient of Charles Burdine's benefits under the IAM National Pension Fund.

Mr. Burdine has conferred with counsel IAM National Pension Fund on this motion, and IAM National Pension Fund does not oppose the relief requested.

## INTRODUCTION

As the Court confirmed in its entry of default against the Individual Defendants, those parties have failed to file a responsive pleading to Mr. Burdine's Amended Complaint or otherwise participate in this litigation since transfer to this Court. That completes the first step for default judgment under Federal Rule of Civil Procedure 55. What remains is determining whether Mr. Burdine, under the alleged facts, is entitled to the relief he seeks.[1] The answer is yes.

Mr. Burdine has sufficiently pled that he is the sole beneficiary of Charles Burdine's benefits under the IAM National Pension Fund, and that the Individual Defendants' tortious conduct caused a change in Charles Burdine's beneficiary designation for their benefit. As a result, Mr. Burdine should receive declaratory judgment that he, and none of the Individual Defendants, is the sole beneficiary of Charles Burdine's benefits under the IAM National Pension Fund.

## FACTUAL BACKGROUND

Mr. Burdine is the surviving son of Charles Burdine ("Charles"), who passed away on January 14, 2022. (Am. Compl, Doc. 34, ¶ 1.) Charles participated in an ERISA-Governed pension plan as part of his employment with John Morrell & Co. (*Id.*, ¶ 21.) Charles had named Mr. Burdine as beneficiary for funds administered by the IAM National Pension Fund, and it remained that way until just a month before Charles died. (*Id.*, ¶ 2.) As recently as 2020, Charles directly told Mr. Burdine that

---

[1] Defendant/Counterclaim Plaintiff IAM National Pension Fund filed an answer, crossclaim, and counterclaim (Doc. 25). But the IAM National Pension Fund's only cause of action is interpleader asking the Court to identify the proper beneficiary. Default judgment confirming Mr. Burdine as sole beneficiary would render the IAM National Pension Fund's interpleader claim unnecessary. Should the Court grant default judgment as requested herein, Mr. Burdine anticipates resolving all other pending claims through dismissal or agreement with IAM National Pension Fund.

Mr. Burdine was the sole beneficiary for Charles' benefits under the IAM National Pension Fund. (*Id.*, ¶ 23.)

Despite Charles' statement to Mr. Burdine, the IAM National Pension Fund received a Benefit Election Form ("the 2020 Form") around August 2020 listing Mr. Burdine as a primary beneficiary, but also listing Defendant Kenny Burdine as a co-beneficiary.[2] (*Id.*, ¶ 25.) The handwriting naming Mr. Burdine as beneficiary on the 2020 Form was clearly Charles' handwriting, but the handwriting naming Kenny Burdine as beneficiary differed and was not recognizably Charles' handwriting. (*Id.*) Kenny Burdine's beneficiary designation "was written by one of the Individual Defendants without the knowledge, consent, or authorization of Charles." (*Id.*, ¶ 26.)

The inclusion of Kenny Burdine on the 2020 Form caused concern because, following medical setbacks and a stroke, Charles was living in various nursing homes and a house with the Individual Defendants, where Charles depended on them as his caregivers. (*Id.*, ¶¶ 3, 28.) At that time, Kenny Burdine was Charles' healthcare power of attorney. (*Id.*, ¶ 32.) Starting in September 2021, Charles became isolated from Mr. Burdine—Charles stopped answering Mr. Burdine's calls because his phone was no longer in service. (*Id.*, ¶ 30.) When asked about Charles' phone, Kenny Burdine gave no response to Mr. Burdine. (*Id.*) The Individual Defendants never responded to Mr. Burdine's attempts to contact them about Charles' status, location, and care. (*Id.*, ¶ 31.)

When contacted by Mr. Burdine about Charles' status, Kenny Burdine informed Mr. Burdine that Charles did not know what he was saying due to pain medication that impaired Charles' mental faculties. (*Id.*, ¶¶ 29, 34.) On December 5, 2021, Defendant Kenny Burdine observed that Charles was "bad sick," "can't answer the phone because I got him on pain medicine," and that Charles "don't know what he's saying because of the medicines." (*Id.*, ¶¶ 4, 34.) Five days later, Charles' beneficiary

---

[2] Kenny Burdine is Charles Burdine's brother. Joann Burdine is Kenny Burdine's wife. Tonja Burdine is the daughter of Kenny and Joann Burdine. (Am. Compl., Doc. 34, ¶ 3.)

designation was changed to reflect Defendant Tonja Burdine as sole beneficiary, thereby eliminating

Mr. Burdine as a beneficiary altogether. (*Id.*, ¶ 35) But Charles lacked the mental capacity to make such

a change. (*Id.*, ¶ 6.) Charles passed away about a month later—the Individual Defendants declined to

inform Mr. Burdine, who eventually learned his father died from a Facebook post. (*Id.*, ¶ 36.)

Mr. Burdine filed an Amended Complaint on March 12, 2024. He asserted the following

claims: undue influence, lack of capacity,  fraud, declaratory judgment, constructive trust, and

intentional inference with expectancy of inheritance.[3] For relief, Mr. Burdine now seeks a declaration

that (1) Tonja Burdine's beneficiary designation is invalid as a product of undue influence and lack

of capacity, (2) a declaration that Kenny Burdine's beneficiary designation is invalid as a product of

---

[3] Mr. Burdine originally filed suit in the United States District Court for the Southern District of Ohio. The applicable forum selection clause designates the District of Columbia as the proper venue. (Decl. of Ryk Tierney, Doc 15-1, p. 6.) Thus, this Court should apply the District of Columbia's choice of law rules that ask "which jurisdiction's policy would be most advanced having its law applied." *Wolf v. Menh*, No. 19-305, 2019 WL 3753121, at *2–3 (D.D.C. Aug. 8, 2019). Those rules consider: "(1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred; (3) the domicile [and] residence … of the parties; and (4) the place where the relationship, if any, between the parties is centered." *Id.*, at *3.

The Individual Defendants lived in Ohio when they exercised undue influence and fraud to cause Charles Burdine to change his pension plan's beneficiary designation. Because the tortious conduct occurred in Ohio and the bulk of the parties (along with the decedent) were Ohio residents, Ohio law applies under the District of Columbia's governmental interests test.

Even so, is unclear whether state law or federal common law applies to Mr. Burdine's tort claims relating to his beneficiary status for Charles' pension plan. *E.g.*, *Metropolitan Life Ins. Co. v. Galicia*, No. 5:19-cv-01412, 2021 WL 5083439, at *3 (C.D. Cal. November 1, 2021) ("Courts are divided on the issue of whether ERISA preempts common law claims, such as fraud or undue influence, to invalidate beneficiary designations."). Mr. Burdine has not located a case in this court or the D.C. Circuit addressing the issue. However, because there does not appear to be established federal common law in the D.C. Circuit addressing Mr. Burdine's claims, this Court may look to state-law principles for guidance in any event. *See, e.g.*, *Tinsley v. Gen. Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000). And, as shown below, the relevant law is substantially similar across jurisdictions.

fraud, and (3) that Mr. Burdine is the proper and sole beneficiary of Charles Burdine's benefits under the IAM National Pension Fund, and thus all distributions should be directed to him.[4]

      The Individual Defendants all failed to answer the Amended Complaint or participate in this matter since the case was transferred to this district. The Court's entry of default judgment under Federal Rule of Civil Procedure 55(a) permits Mr. Burdine to now move for default judgment.

## **ARGUMENT**

### I.    The Amended Complaint's Allegations Warrant a Declaration that Mr. Burdine Is the Sole Beneficiary of Charles Burdine's Benefits under the IAM National Pension Fund.

      After the clerk has entered a non-appearing party's default under Fed. R. Civ. P. 55(a), a party may then move for default judgment. *See* Fed. R. Civ. P. 55(b)(2). On a motion for default judgment, courts take factual allegations in the complaint as true. *Serv. Emps. Int'l Union Nat'l Pension Fund v. Artharee*, 942 F. Supp. 2d 27, 30 (D. D.C. 2013). In other words, "[d]efault establishes the defaulting party's liability for the well-pleaded allegations of the complaint." *Fed. Nat'l Mort. Assoc. v. Epicurean Foods, LLC*, No. 15-1154, 2018 WL 4193639, at *2 (D. D.C. June 21, 2018) (quoting *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D. D.C. 2011)). Parties may obtain declaratory relief through default judgment. *Cintec Int'l Ltd. v. Parkes*, 487 F. Supp. 2d 77, 79 (D. D.C. 2006) (awarding declaratory relief by granting default judgment).

      Mr. Burdine's Amended Complaint contains well-pled claims for undue influence, lack of capacity, and fraud. As a result, this Court should grant Mr. Burdine's motion for default judgment.

---

[4] Mr. Burdine does not seek money damages as part of default judgment, or any other form of relief besides declaratory judgment.

**A. The Amended Complaint Establishes Undue Influence for Tonja Burdine's Beneficiary Designation.**

"The essential elements of undue influence are a susceptible testator, another's opportunity to exert it, the fact of improper influence exerted or attempted, and the result showing the effect of such influence." *West v. Henry*, 184 N.E.2d 200, 202 (Ohio 1962). Caretakers who benefit from a decedent's decision-making are viewed with "suspicion." *Est. of Przybylek v. Gwozdz*, No. L-88-107, 1989 WL 25536, at *4 (Ohio Ct. App. Mar. 17, 1989). An individual with a "confidential relationship," such as a caretaker or power of attorney, with a decedent receiving a benefit triggers a presumption of undue influence. *Rheinscheld v. McKinley*, No. 453, 1988 WL 6553, *4 (Ohio Ct. App. Jan. 27, 1988).[5]

To start, the Amended Complaint establishes that Charles Burdine was susceptible to undue influence. A testator is susceptible to undue influence if he "could be influenced by reason of advanced age, physical infirmities, and mental condition." *Simon v. Aulino*, 165 N.E.3d 706, 711 (Ohio Ct. App. 2020). Charles, taking the Amended Complaint as true, "was susceptible to undue influence": he was both physically weakened after "suffer[ing] multiple strokes and multiple heart attacks," and mentally diminished as confirmed by Kenny Burdine describing Charles "as not having his full mental faculties based on the amount of medication Charles was taking." (Am. Compl., Doc. 34, ¶ 43.) Those facts prove Charles' susceptibility to undue influence.

---

[5] The District of Columbia and federal common law mirror Ohio's approach to undue influence. *See Ross v. Blackwell*, 146 A.3d 385, 391 (D.C. Ct. App. 2016) (undue influence is "influence that destroys free agency" and requires less proof when "a confidential relationship exists between the parties") (quoting *Roberts-Douglas v. Meares*, 624 A.2d 405, 420 (D.C. 1992)); *Tinsley*, 226 F.3d at 704–705 (applying federal common law to find "undue influence is generally defined as influence that is "sufficient to overpower volition, destroy free agency, and impel the grantor to act against the grantor's inclination and free will").

Under any approach, the Individual Defendants exerted undue influence by substituting their will over Charles' resulting in alterations to his pension plan's beneficiary designation.

Next, the Individual Defendants were "Charles' caregivers" and thus in a "fiduciary and confidential relationship with Charles." (*Id.*, ¶ 44.) That role gave the Individual Defendants "the opportunity to exert undue influence over Charles." (*Id.*) What is more, Kenny Burdine was Charles' medical power of attorney, which added to Kenny's fiduciary duties to Charles and provided Kenny "additional opportunities to exert undue influence over Charles." (*Id.*, ¶ 45.) On top of that, the Individual Defendants distanced Charles from Mr. Burdine by refusing to answer Mr. Burdine's questions about Charles or to acknowledge Mr. Burdine's difficult contacting Charles. (*Id.*, ¶ 31.) By the time of Charles' death, Mr. Burdine was so shut out from his father's life that he learned about Charles' passing on social media. (*Id.*) In other words, the Individual Defendants "isolated Charles from [Mr. Burdine]." (*Id.*, ¶ 33.) Those facts, along with the presumption of undue influence that arises when caregivers benefit from a decedent's decision-making, meet the "opportunity" element for undue influence.

Finally, the Amended Complaint alleges that the Individual Defendants "exercised undue influence over Charles" that caused him to change his beneficiary of his pension plan. (*Id.*, ¶ 46.) And that influence benefitted Tonja Burdine (the daughter of the other two Individual Defendants). All told, the Amended Complaint asserts a well-pled undue influence challenge to Tonja Burdine's status as beneficiary. The Court should therefore grant declaratory judgment that Tonja Burdine's beneficiary designation is invalid based on undue influence.

### B. The Amended Complaint Establishes Charles' Lack of Capacity for Tonja Burdine's Beneficiary Designation.

Tonja Burdine's beneficiary status is also invalid on lack-of-capacity grounds. "Testamentary capacity exists when the testator has sufficient mind to: (1) understand the nature of the business in which he is engaged; (2) comprehend generally the nature and extent of the property which constitutes his estate; (3) hold in his mind the names and identity of those who have natural claims on his bounty;

and (4) appreciate his relation to the members of his family." *Hutchison v. Kaforey*, 67 N.E.3d 121, 126 (Ohio Ct. App. 2016).[6]

As the Amended Complaint makes clear, Charles Burdine was on pain medication that significantly diminished his mental capacity. Kenny Burdine admitted that Charles was "out 90% of the time and that Charles didn't know what he was saying because of the medication." (Am. Compl., Doc. 34, ¶ 43.) Accepting the Amended Complaint as true, "Charles lacked the requisite mental capacity to knowingly and voluntarily change—or to consent to anyone else changing for him—the beneficiary designation" for his pension fund. (*Id.*, ¶ 50.) So when Tonja was added as Charles' beneficiary, "Charles was not able to understand" what he was doing, the extent of his property, those with claims on his property, or his relation to his family members. (*Id.*, ¶ 51.) Given the "heavy medication administered to Charles" in the relevant period and "Defendants' actions that isolated Charles from his other family members including Chuck," Charles lacked capacity to change his beneficiary designation to Tonja Burdine. (*Id.*, ¶ 52.)

As shown above, Tonja Burdine's designation as Charles Burdine's beneficiary of benefits under the IAM National Pension Fund was invalid. The form submitted to the IAM National Pension Fund making that change was a product of undue influence and lack of capacity. Before the IAM National Pension Fund received that form in December 2021, Tonja was not a beneficiary. So the Court should grant declaratory judgment that Tonja is not a proper beneficiary of Charles Burdine's benefits under the IAM National Pension Fund.

---

[6] The District of Columbia follows a similar approach. *Govan v. Brown*, 228 A.3d 142, 150 (D.C. Ct. App. 2020) ("To be of 'sound and disposing mind' and thereby have testamentary capacity, a testator must have sufficient memory and mind to generally know (1) the property owned, (2) the intended beneficiaries of that property, and (3) the nature of the instrument being executed.") (citation omitted). So too with federal common law. *See Met. Life Ins. Co. v. Thompson*, No. 1:15-cv-0841, at *8 (N.D. Ga. Sept. 13, 2016).

**C. Kenny Burdine's Beneficiary Status Is Fraudulent and Invalid.**

As recently as 2020, Charles assured Mr. Burdine that Mr. Burdine was "named as Charles' sole beneficiary with respect to" Charles' benefits under the IAM National Pension Fund. (*Id.*, ¶ 23.) The IAM National Pension Fund received a 2020 election form listing Mr. Burdine and Kenny Burdine. The handwriting listing Mr. Burdine as a beneficiary was "recognizably Charles's handwriting." (*Id.*, ¶ 24.) But the handwriting listing Kenny Burdine was not. (*Id.*, ¶ 25.) That is because "one of the Individual Defendants without the knowledge, consent, or authorization of Charles" designated Kenny Burdine as a beneficiary. (*Id.*, ¶ 26.) Taking the Amended Complaint as true, that establishes a claim for fraud.

"Fraud has various elements: (1) a representation (or concealment of a fact when there is a duty to disclose) (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance." *Volbers-Klarich v. Middletown Mgt., Inc.*, 929 N.E.2d 434, 440 (Ohio 2010).[7] Here, the "anomalous handwriting on the designation form" shows that "the Kenny designation was forged … in an attempt to take half of the funds that Charles intended to go to [Mr. Burdine] as the sole beneficiary." (Am. Compl., Doc. 34, ¶ 55.)

To start, the identification of a beneficiary on a pension plan form is a material representation to the transaction at hand. The Individual Defendants knew that the forged designation was false, and made that forgery with intent that the IAM National Pension Fund rely on the false designation. And the IAM National Pension Fund justifiably relied on the submitted

---

[7] Fraud under District of Columbia law and federal common law has substantially similar requirements. *Alicke v. MCI Comms. Corp.*, 111 F.3d 909, 912 (D.D.C. 1997) (fraud requires a reasonable reliance on a misrepresentation under federal common law and D.C. common law).

form, which injured Mr. Burdine by depriving him funds for which he was the rightful beneficiary. That meets all elements of fraud.

At bottom, the Individual Defendants improperly changed Charles' beneficiary designation form to interfere with Mr. Burdine's status as the sole beneficiary. As a result, the Court should issue declaratory judgment that Kenny Burdine is not a beneficiary of Charles Burdine's benefits under the IAM National Pension Fund due to the Individual Defendants' fraudulent conduct.

For the above reasons, Court should find that the Individual Defendants have defaulted on Mr. Burdine's undue influence, lack of capacity, and fraud claims issue declaratory judgment that (1) Mr. Burdine is the sole beneficiary of Charles Burdine's benefits under the IAM National Pension Fund, and (2) Kenny Burdine and Tonja Burdine are not beneficiaries of Charles Burdine's benefits under the IAM National Pension Fund as a result of undue influence, lack of testamentary capacity, and fraud.

## CONCLUSION

Based on the above, this Court should issue declaratory judgment that (1) Mr. Burdine is the sole beneficiary of Charles Burdine's benefits under the IAM National Pension Fund, and (2) that neither Kenny Burdine nor Tonja Burdine is a valid beneficiary of Charles Burdine's benefits under the IAM National Pension Fund.


Respectfully submitted,

*/s/ Thomas G. Southard*
Thomas G. Southard (975955)
Taft Stettinius & Hollister LLP
200 Massachusetts Ave. NW
Suite 500
Washington, D.C. 20001
T:    (202) 664-1544
F:    (202) 664-1586
tsouthard@taftlaw.com

/s/ Dominick S. Gerace
Dominick S. Gerace II (Ohio 0082823)
(*pro hac vice*)
Taft Stettinius & Hollister LLP
435 Walnut St., Ste. 1800
Cincinnati, OH 45202
T:      (513) 381-2838
F:      (513) 381-0205
dgerace@taftlaw.com
*Counsel for Chuck Burdine*

**Certificate of Service**

I certify that the foregoing document was filed via the Court's electronic filing system, which will serve all registered counsel of record. In addition, I caused the foregoing (with its attachment) to be served on defendants Kenny Burdine, Joann Burdine, and Tonja Burdine via U.S. Mail at the addresses below:

Kenny Burdine
422 Lockwood Ave.
Hamilton, OH 45011

Joann Burdine
422 Lockwood Ave.
Hamilton, OH 45011

Tonja Burdine
422 Lockwood Ave.
Hamilton, OH 45011

Tonja Burdine
30 Lawson Ave.
Hamilton, OH 45013

*/s/ Dominick S. Gerace*